**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

BRIAN REID,   :
  :
    Plaintiff,   :
  :
v.   :   CIVIL ACTION NO.
  :   1:08-CV-1846-JOF
THE CITY OF ATLANTA, et al.,   :
  :
    Defendants.   :

## OPINION AND ORDER

The instant matter is before the court on Defendant Cynthia J. Myers and the United States of America's Motion to Dismiss or in the Alternative Motion for Summary Judgment [12] and Plaintiff Brian Reid's Motion to Stay [24].

### I.    Background

On July 27, 2006, while employed as an Atlanta City Police Officer, Plaintiff testified on behalf of his sister-in-law's boyfriend, Michael Grissom, at a bond hearing. Plaintiff had not come to court prepared to testify; he did so at the request of Grissom's counsel. Defendant Myers, an FBI Special Agent, was investigating and prosecuting Grissom for bank robbery and firearms possession. On July 28, 2006, after Plaintiff testified, Myers submitted a memorandum to Chief of Police Pennington at the Atlanta Police Department ("APD") in which she explained the relationship between Grissom and Plaintiff, the charges

against Grissom, and the details of Plaintiff's testimony. She informed Pennington that Plaintiff had testified that he was a Senior Patrol Officer with APD; he had known Grissom for eight years; and Grissom had three children with Plaintiff's sister-in-law. Subsequently, APD initiated an Internal Affairs investigation of Plaintiff.

On August 27, 2006, APD's Office of Professional Standards found that Plaintiff had violated APD's Standard Operating Procedures by testifying on behalf of Grissom. Several memoranda circulated among officers of APD discussing the appropriate punishment for Plaintiff. On February 14, 2007, Pennington suspended Plaintiff for thirty days without pay and reassigned him from Senior Patrol Officer to Patrol Officer. APD's Notice of Proposed Adverse Action against Reid indicated that he was being suspended for violating Rule 4.3.03 (Arrest of or Court Actions Involving an Employee). The notice indicated that Plaintiff could have a hearing. Plaintiff alleges that the parties held a hearing on February 19 which was audiotaped. He contends that Pennington stated repeatedly that he was disciplining Plaintiff for testifying on behalf of a criminal defendant without seeking approval from the federal prosecutor. Plaintiff further alleges that Pennington attributed the disciplinary action to the fact that he received Myers' memorandum.

On April 24, 2008, Plaintiff filed suit in the Superior Court of Fulton County, Georgia against the City of Atlanta; Chief of Police Richard Pennington; Assistant Chief of Police Alan Dreher; Deputy Chief of Police Harold Dunovant; and Major Lane Hagin, in

AO 72A
(Rev.8/82)

their individual and official capacities; and Defendant in her individual capacity. Defendant Myers removed to this court on May 23, 2008. Plaintiff alleges that the named defendants "unlawfully conspired to retaliate against Plaintiff on account of his testimony in a federal court proceeding and to prevent him from testifying in the future in that same proceeding and to deter him and others from testifying in future proceedings," in violation of the first clause of 42 U.S.C. § 1985(2) and the First Amendment. (Cmpl. ¶¶ 32, 41). Plaintiff also alleges a claim for tortious interference in employment under Georgia law.

On August 8, 2008, Defendants filed the instant Motion to Dismiss or in the Alternative Motion for Summary Judgment along with Myers' affidavit, the affidavit of Lieutenant Hendricks, and a Statement of Material Facts About Which There is No Genuine Dispute. Myers testified that during Grissom's bond hearing, Plaintiff was not wearing a police uniform. Myers contacted FBI Special Agent Chad Fitzgerald, assigned to a Joint Task Force with APD, to verify that Plaintiff was an APD officer as he had testified. Fitzgerald confirmed Plaintiff's employment. Myers testified that after she spoke with Fitzgerald she received a request from Lieutenant Hendricks at APD for a copy of the transcript of the Grissom bond hearing. Myers directed Hendricks to the court reporter for a copy. Hendricks then asked Myers to draft a memorandum for him summarizing the fact and substance of Plaintiff's testimony. Myers testified that she conferred with her supervisor who gave her permission to write the memorandum. After she faxed the

3

memorandum on July 28, 2008, she had no further contact with APD. Hendricks confirmed Myers' testimony and stated that Myers did not ask for Plaintiff to be disciplined or have any role in deciding whether or how to discipline him.

Plaintiff did not file a response to Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment and requested an extension of time to respond. After being given additional time, Plaintiff filed a Motion to Stay. Plaintiff stated that the parties had "reached an agreement in principle to resolve Plaintiff's claims against these Defendants." (Mot. to Stay, at 2). Plaintiff did not respond to Defendants' arguments in the Motion to Dismiss or in the Alternative Motion for Summary Judgment. Plaintiff did not submit any affidavits or additional material. Plaintiff did not respond to Defendants' Statement of Material Facts About Which There is No Genuine Dispute. Defendants did not respond to Plaintiff's Motion to Stay.

Neither the defendants nor Plaintiff have filed anything additional with the court indicating that they have settled or are moving toward settling the claims related to Defendant Myers. In the interim the parties appear to have continued discovery negotiations. Discovery was set to conclude on December 26, 2008. On December 17, 2008, the parties filed a consent motion with the court requesting to extend discovery until February 24, 2009, which the court granted. In light of the parties' behavior, the court will

4

DENY Plaintiff's Motion to Stay and resolve Defendant Myers' Motion to Dismiss or in the Alternative Motion for Summary Judgment.

Local Rule 56.1B(2) directs a party as to how to respond to a Motion for Summary Judgment and states that the court will deem each of the movant's facts in its statement of material facts to be admitted unless the respondent correctly responds and refutes them. Here, Plaintiff has failed to respond at all to Defendants' Statement of Material Facts About Which There is No Genuine Dispute. As such, the court deems these facts admitted.

**II.    Discussion**

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party may move for summary judgment any time after twenty days have passed from the commencement of the action and need not wait to the close of discovery. *Id.* 56(a). Once a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations of denials in its own pleading; rather it must set out specific facts showing a genuine issue for trial or show by affidavit that for specified reasons, it cannot present facts essential to justify its opposition. *Id.* 56(e)(2) and (f). Here, Plaintiff has presented no opposition to Defendants' Motion, and the issue before the court is whether Plaintiff's complaint and exhibits in conjunction with the facts presented by Defendants

AO 72A
(Rev.8/82)

support summary judgment. Plaintiff alleges that Myers should be held liable under 42 U.S.C. § 1985(2) and the First Amendment.

*A.  42 U.S.C. § 1985(2)*

Section 1985(2) makes it unlawful for

[T]wo or more persons in any State or Territory [to] conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified . . .; **or** if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

"The gist of the wrong at which § 1985(2) is directed is . . . [the] intimidation or retaliation against witnesses in federal-court proceedings." *Haddle v. Garrison*, 525 U.S. 121, 125 (1998). Section 1985(2), like the other Reconstruction civil rights provisions, is to be "accorded [] a sweep as broad as [its] language." *Clavis v. Clayton County Sch. Dist.*, 300 F.3d 1288, 1291 (11th Cir. 2002) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 97 (1971)).

Plaintiff's claim arises out of the first clause of § 1985(2). The second clause of § 1985(2) requires an allegation of race or class-based animus and is not at issue here. *See Kush v. Rutledge,* 460 U.S. 719, 725 (1983) (discussing the second clause of section 1985(2)); *Clavis*, 300 F.3d 1288 (same). In order to establish a claim under the first part of

6

§ 1985(2) a plaintiff must show (1) a conspiracy, (2) to deter a witness by force, intimidation or threat from attending or testifying before a United States court or a injure a party or witness on account of his attending or testifying, (3) that results in injury to the plaintiff. *Moore v.* Potter, 141 Fed. Appx. 803, 806 (11th Cir. 2005) (relying on. *Morast v. Lance*, 807 F.2d 926, 929-30 (11th Cir. 1987)). To show a conspiracy under a civil rights statute, a plaintiff must show that (1) two or more parties (2) agreed (3) to violate his or her civil rights.

Here, the only basis in Plaintiff's complaint for Myers' participation in an alleged "conspiracy" is the allegation that Myers called APD to initiate a complaint against Reid and subsequently sent her memo to APD for the purpose of having Plaintiff punished. Plaintiff does not allege that anyone at APD ever spoke with Myers after the she sent the memo and agreed to punish Plaintiff. Plaintiff asks us to infer such an agreement from the fact that Plaintiff was ultimately punished and from Plaintiff's allegation that during his February 19 hearing Pennington "attributed the disciplinary action which he was taking against Plaintiff to the fact that he had received Ms. Myers' complaint." (Cmpl. ¶ 28). The court has serious concerns as to whether these allegations sufficiently plead "an agreement" necessary to support a conspiracy claim. The court need not decide this issue, however, because Myers contended and Plaintiff conceded that (1) Myers never complained to APD regarding Reid's testimony; (2) the only reason why Myers faxed the July 28, 2008 memo regarding Reid's

7

testimony [to APD] was because she was asked by APD to do so when she called to verify Reid's employment there; (3) Myers did not intend to retaliate in any way against Reid for his testimony or prevent him from testifying in other proceedings; and (4) Myers had no further communications or interactions with APD regarding Reid after she faxed the July 28, 2008 memo. (SMF ¶¶ 21-25). Defendant is entitled to judgment as a matter of law on Plaintiff's section 1985(2) claims against her.

### B. *First Amendment*

Plaintiff alleges that Myers, individually and in concert with the other defendants, took action to unlawfully retaliate against him for his testimony at Grissom's bond hearing. Any allegation that Myers was a part of a conspiracy or was acting in concert with the other defendants fails as a matter of law for the reasons stated above. To state a general retaliation claim under the First Amendment, a plaintiff must show that (1) his speech or act was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there is a causal connection between the retaliatory actions and the adverse effect on speech. *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary fairness from the exercise of First Amendment rights." *Id.* at 1254.

8

Here, Plaintiff's retaliation claim fails as a matter of law because the undisputed facts indicate that Myers did not discuss Plaintiff's testimony with APD to retaliate against Plaintiff; rather, she only sought to verify Reid's testimony regarding his employment. Defendants are entitled to judgment as a matter of law on Plaintiff's First Amendment claims against Myers.

## III.  Conclusion

The court finds that Defendant Myers and the United States of America are entitled to summary judgment on Plaintiff's federal claims. Having dismissed Plaintiff's federal claims, the court declines to exercise jurisdiction to resolve Plaintiff's state law claim of tortious interference with employment. *See* 28 U.S.C. § 1367 (c) (indicating that a court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction). Defendants Myers and the United States of America's Motion to Dismiss or in the Alternative Motion for Summary Judgment is GRANTED [12]. As stated above Plaintiff's Motion to Stay [24] is DENIED. The court DIRECTS the clerk of court to dismiss Defendant Myers and the United States of America from this litigation. This case remains pending before the court for the adjudication of Plaintiff's claims against the other defendants.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 25th day of February 2009.

                                              s/ J. Owen Forrester
                                              J. OWEN FORRESTER
                              SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)